IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISAGANI A. RABINO, | Case No. 1:19-cv-04259 |
| Plaintiff, | |
| v. | Honorable John Robert Blakey |
| RUSHMORE LOAN MANAGEMENT SERVICES LLC and EQUIFAX INFORMATION SERVICES, LLC, | Honorable Susan E. Cox Magistrate Judge |
| Defendants. | |

## INITIAL STATUS REPORT

Pursuant to the Court's August 7, 2019 MINUTE entry (Dkt. No. 21) and Fed. R. Civ. P. 26(f), the parties submit the following initial status report.

**1.** **Nature of the Case**

    **a.** **Identify the attorneys of record for each party, and note the lead trial attorney for each party, any local counsel, and the relevant bar membership(s) of each counsel, including status of any membership in the trial bar of the Northern District of Illinois (Local Rule 83.11).**

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Isagani A. Rabino*

Amy Sabbota Gottlieb
DICKINSON WRIGHT PLLC
2600 West Big Beaver Road
Suite 300
Troy, Michigan 48084
+1 248-433-7286
agottlieb@dickinsonwright.com

Gregory C. Elsnic
LAW OFFICES OF IRA T. NEVEL LLC
175 North Franklin Street
Suite 201
Chicago, Illinois 60606
+1 312-357-1125
grege@nevellaw.com

*Counsel for Rushmore Loan Management Services LLC*

1

>Misty L. Peterson
>Tameika L. Montgomery
>KING & SPALDING LLP
>1180 Peachtree Street, N.E.
>Atlanta, Georgia 30309
>+1 404-572-4939
>+1 404-572-4600
>mpeterson@kslaw.com
>tmontgomery@kslaw.com
>
>Mary K. Curry
>Rodney L. Lewis
>POLSINELLI P.C.
>150 North Riverside Plaza
>Suite 3000
>Chicago, Illinois 60606
>+1 312-819-1900
>mkcurry@polsinelli.com
>rodneylewis@polsinelli.com
>
>*Counsel for Equifax Information Services LLC*

**b.** **State the basis for federal jurisdiction and, if based upon a requisite threshold amount in controversy, state whether the parties agree that the amount in controversy exceeds that threshold, and include a concise explanation of how the evidence supports that statement, and if based upon diversity, then state the domicile of all parties. Note: if any party is a partnership or a limited liability company and the basis of jurisdiction is diversity, counsel must identify the name and domicile(s) of each and every partner of each such entity.** *See Belleville Catering Co. v. Champaign Market Place, LLC*, **350 F.3d 691, 692-93 (7th Cir. 2003) (explaining that, for purposes of diversity jurisdiction, partnerships and limited liability companies are citizens of every state of which any member is a citizen).**

Subject matter jurisdiction exists over claims under the Fair Credit Reporting Act (the "FCRA") under 28 U.S.C. §§ 1331 and 1337 and 15 U.S.C. § 1681p.

**c.** **Describe the nature of the claims asserted in the complaint and any counterclaims or affirmative defenses.**

Plaintiff: Plaintiff claims Rushmore violated Section 1681s-2(b) by: (1) failing to conduct an investigation with respect to the disputed information being reported on the Rushmore tradeline, after receiving a request to do so from Equifax; (2) failing to review all relevant information provided by Equifax; (3) failing to modify, delete, or permanently block the inaccurate information on Plaintiff's consumer

reports; and (4) failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate reporting of the subject mortgage loan. Additionally, Plaintiff claims Rushmore violated Section 1681i(a)(1) by failing to conduct a reasonable reinvestigation of its reporting on the subject mortgage loan within 30 days of receiving notice of his dispute.

Plaintiff claims Equifax violated Section 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff. Plaintiff claims Equifax violated Section 1681i(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute. Plaintiff claims Equifax violated Section 1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Rushmore before the expiration of the 5-business-day period beginning on the date on which Equifax received Plaintiff's dispute. Plaintiff claims Equifax violated Section 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff before the end of the 30-day period beginning on the date on which Equifax received Plaintiff's dispute. Plaintiff claims Equifax violated Section 1681i(a)(5)(A) by failing to promptly delete that item of information from the file of Plaintiff, or modify that item of information, as appropriate, based on the results of the reinvestigation.

<u>Equifax</u>: is a consumer reporting agency as that term is defined by the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff and conducted a reinvestigation of Plaintiff's dispute(s) in compliance with the FCRA. Equifax denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to any of the relief sought in the Complaint. Equifax further denies that Plaintiff can support a claim for punitive damages in this action.

<u>Rushmore</u>: Rushmore denies any liability for any cause of action against it in the Complaint. At all relevant times, Rushmore performed a reasonable investigation of Plaintiff's credit disputes, acted in good faith and without malice or intent to injure Plaintiff, and did not act willfully or negligently. Plaintiff's claims fail to the extent he lacks standing to bring this lawsuit given his failure to allege any concrete harm. Plaintiff's alleged damages, if any, are the result of acts, errors, omissions of third parties not controlled by Rushmore. Plaintiff's alleged damages are speculative or uncertain and therefore not compensable. Rushmore further denies that it caused any of Plaintiff's alleged damages or that it violated the FCRA, the FDCPA or any other law.

d. **State the major legal and factual issues anticipated in the case.**

(1) Whether Rushmore was notified by Equifax of Plaintiff's dispute(s)? (2) Whether Rushmore accurately furnished account information to Equifax? (3)

3

    Whether Equifax maintained and followed reasonable procedures designed to ensure maximum possible accuracy in accordance with 15 U.S.C. § 1681e(b)? (4) Whether Rushmore and/or Equifax conducted a reasonable investigation in response to Plaintiff's dispute(s) pertaining to inaccurate credit reporting? and (5) Whether Plaintiff sustained any damages attributable to Rushmore and/or Equifax's alleged violations of FCRA?

    e.    **Describe the type and calculation of damages, and any other relief sought by the plaintiff(s).**

    Plaintiff seeks any actual damages sustained by Plaintiff as result of Rushmore and/or Equifax's alleged failure(s)/violations, such amount of punitive damages as the court may allow; and the costs of the action together with reasonable attorney's fees as determined by the court.

**2.**    <u>**Pending Motions and Case Plan**</u>

    a.    **Identify all pending motions.**

    Rushmore's Unopposed Motion for Extension of Time to file a response to the Complaint is currently pending.

    b.    **For all cases subject to the "Mandatory Initial Discovery Pilot" (MIDP) Project, all parties and counsel must certify compliance with the MIDP Standing Order, which is available on the Court's homepage.**

    The parties hereby certify compliance with the MIDP Standing Order.

    c.    **Counsel for all parties must also submit an updated proposal for traditional discovery and a case management plan, including the following information:**

    (1)    **The general type of traditional discovery needed, including any potential electronic discovery or bifurcated discovery;**

    Discovery will likely be sought on all allegations, claims and affirmative defenses alleged in the Complaint and Answers and will be conducted by (including but not limited to) depositions, Interrogatories, Requests For Admission, Requests For Production Of Documents and the Parties may also undertake non-party discovery to determine the facts surrounding Plaintiff's claims.

    The parties do not believe that this case is suitable for electronic discovery, but is amenable to producing any electronically stored information in hard copy or in .pdf format as an initial matter. Once the parties have had the opportunity to review such documents, the parties agree, if necessary, to

confer regarding any additional exchange or production that the parties believe is necessary.

**(2)  A date for MIDP disclosures;**

September 3, 2019.

Rushmore's MIDP disclosures shall be made within thirty (30) days after filing its response to the Complaint.

**(3)  A date to issue written discovery**

October 23, 2019.

**(4)  The need for, and content of, any proposed confidentiality orders, in accordance with the Local Rules for the Northern District of Illinois (parties should start with the model confidentiality order, file a motion seeking entry of the order and send a redlined version and a clean Word version to proposed_order_blakey@ilnd.uscourts.gov.**

The parties anticipate the need for a confidentiality order that will conform to the model confidentiality order for the Northern District of Illinois.

**(5)  The need for, and content of, any Health Insurance Portability and Accountability Act (HIPPA) waivers;**

None.

**(6)  A fact discovery completion date;**

March 23, 2020.

**(7)  Whether there will be expert discovery, and, if so, an expert discovery completion date (including proposed deadlines for expert disclosures and depositions);**

June 23, 2020.

**(8)  A proposed date for the filing of dispositive motions (if any); and**

July 23, 2020.

**(9)  A tentative trial date.**

October 26, 2020.

    a.    **With respect to trial, indicate whether a jury trial is requested and the probable length of trial.**

    A jury trial is requested by Plaintiff. The probable length of trial is 2-3 days.

3. **Consent to Proceed Before a Magistrate Judge**

    **Confirm that the parties have discussed the advantages of a Magistrate Judge referral, and indicate whether the parties have unanimously consented to proceed before the assigned Magistrate Judge. Every case has an assigned Magistrate Judge, and in civil cases the parties may consent to have the assigned Magistrate Judge preside over the entire case including trial. In many cases, consent to refer the entire case to the Magistrate Judge may offer significant efficiencies. All counsel in civil cases must inform their clients of this option and discuss it with opposing counsel. Should the parties elect to do so, they should notify Judge Blakey's Courtroom Deputy at (312) 818-6699, and the case will be reassigned upon receipt of the signed consent form.**

    The parties have discussed the advantages of a Magistrate Judge referral. The parties do not consent to proceed before the assigned Magistrate Judge.

4. **Status of Settlement Discussions**

    a.    **Describe the status of settlement discussions; and**

        Plaintiff and Rushmore have engaged in settlement discussions.

    b.    **Indicate whether the parties request a settlement conference. Note: cases are often referred for a settlement conference at the close of fact discovery, if not requested sooner by the parties.**

        Not at this time.

DATED: September 4, 2019September 4, 2019

/s/ Joseph S. Davidson

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

Respectfully submitted,

/s/ Amy Sabbota Gottlieb

Amy Sabbota Gottlieb
DICKINSON WRIGHT PLLC
2600 West Big Beaver Road
Suite 300
Troy, Michigan 48084
+1 248-433-7286
agottlieb@dickinsonwright.com

Gregory C. Elsnic
LAW OFFICES OF IRA T. NEVEL LLC
175 North Franklin Street

*Counsel for Isagani A. Rabino*

Suite 201
Chicago, Illinois 60606
+1 312-357-1125
grege@nevellaw.com

*Counsel for Rushmore Loan Management Services LLC*

*/s/ Tameika L. Montgomery*

Misty L. Peterson
Tameika L. Montgomery
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, Georgia 30309
+1 404-572-4939
+1 404-572-4600
mpeterson@kslaw.com
tmontgomery@kslaw.com

Mary K. Curry
Rodney L. Lewis
POLSINELLI P.C.
150 North Riverside Plaza
Suite 3000
Chicago, Illinois 60606
+1 312-819-1900
mkcurry@polsinelli.com
rodneylewis@polsinelli.com

*Counsel for Equifax Information Services LLC*